UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SABAS BLANCO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-276 PS |
| | ) | |
| EDWIN G. BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Sabas Blanco strangled his estranged wife Courtney Blanco after she refused to kiss him. He was convicted of murder in Indiana state court. In this habeas petition, he claims he received ineffective assistance of counsel from both his trial and appellate lawyers. Here are the grim facts according to the opinion of the Court of Appeals of Indiana:

> Sabas Blanco and Courtney Blanco were married in 2000 and had a son together, A.B. In March 2002, Blanco and Courtney separated, and Courtney and A.B. moved into an apartment. In early July, Courtney informed Sabas that she was not going to reconcile with him.
> On the morning of July 27, which was Courtney's twenty-second birthday, Courtney called her mother, Lisa Johnson, and told her that she was getting ready to pick up A.B. from Blanco's apartment and that she would bring A.B. over to her house around 7:00 p.m. that night so that she could go out with some friends to celebrate her birthday. Courtney never dropped off A.B. at Johnson's house that night. On the following morning, July 28, Johnson became worried because she could not locate Courtney and A.B. Johnson therefore went to the Beech Grove Police Department and reported her daughter and grandson missing. Based on information from Johnson, the officers proceeded to Blanco's apartment. Because there was no response after they knocked on the door and announced their presence, the officers retrieved a key from the apartment manager and entered Blanco's apartment. Inside, they found Courtney's body on the floor of the bedroom closet. An autopsy later revealed that Courtney died from ligature strangulation.
> On July 29, after receiving a tip from a motel employee, the officers arrested Blanco at the Days Inn in Franklin, Indiana, where he had spent the previous two nights with A.B. registered under a false name. Blanco was then taken to the Franklin Police Department. After waiving his rights, a detective

>from the Beech Grove Police Department videotaped an interview with Blanco. During the videotaped interview, Blanco stated that when Courtney came to pick up A.B. on the morning of July 27, "she said she had to leave in a hurry and I told her please stay for a while. And then she said no, I got to go and then . . . so I asked, I got close to her and I was going to give her a happy birthday kiss and she pushed me away. . . ." State's Exhibit 53. Blanco stated that he then grabbed Courtney, threw her to the floor, sat on top of her, and choked her "us[ing] my whole body[.]" Id. Blanco explained that after Courtney stopped breathing, he pulled her into the bedroom closet so she could not be seen through the window. During this time, A.B. was in the living room watching television.
>
>   The State subsequently charged Blanco with Murder. [Footnote 1: Ind. Code § 35-42-1-1.] At trial, the trial court also instructed the jury on lesser-included offenses, including voluntary manslaughter. Following trial, the jury found Blanco guilty of murder. The trial court sentenced him to sixty years. This appeal ensued.

*Blanco v. State*, No. 49A02-0302-CR-123 (Ind. Ct. App. Nov. 26, 2003) [DE 12-6 at 3-4].

Blanco presents two grounds for challenging this conviction, both involving alleged ineffective assistance of counsel. A petitioner asserting an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984) must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Counsel's performance is deficient when the representation falls below an objective standard of reasonableness under prevailing professional norms. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Goodman v. Bertrand*, 467 F.3d 1022, 1027 (7th Cir. 2006).

The Court of Appeals of Indiana addressed both of Blanco's claims of ineffectiveness. In this situation Blanco can obtain relief from this Court only if the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

First, Blanco argues that, "Counsel was ineffective at trial because he failed to tender an instruction properly advising the jury that the State had the burden to disprove sudden heat beyond a reasonable doubt before Blanco could be convicted of murder." (Pet. ¶12.A. [DE 1 at 3].) The opinion of the Court of Appeals of Indiana found that there were errors in the jury instructions, but that Blanco was not prejudiced by them.

> The evidence at Blanco's trial showed that Blanco became angry when Courtney refused to allow him to kiss her. He then grabbed her, threw her to the ground, sat on top of her, and choked her using his whole body. Evidence was also presented that the force to Courtney's neck was reapplied several times during a struggle that lasted several minutes, and maybe as long as fifteen minutes, and that the object used to strangle her left a very distinct mark that wrapped all around her neck. We conclude that Courtney's rejection of Blanco's attempt to kiss her was not sufficient to obscure the reason of an ordinary person and render a person incapable of cool reflection. *See Dearman v. State*, 743 N.E.2d 757, 762 (Ind. 2001) (concluding that defendant was not in such a state of rage or terror by victim's homosexual advances that he was rendered incapable of cool reflection). Additionally, because of the amount of time it took to kill Courtney including the repositioning of the ligature, Blanco had the opportunity to reflect on his actions and to stop choking Courtney. *See id*. (action of lifting and striking a person in the head twice with a large object in a claimed attempt to thwart sexual advances did not indicate that the killing was done in sudden heat and without reflection). Because there was sufficient evidence from which the jury could have found that the State had disproved sudden heat, there was not a reasonable probability that the outcome of Blanco's trial would have been different even if the jury instructions had been correct. Therefore, Blanco has not shown that he was prejudiced by his trial counsel's performance.

*Blanco v. State*, No. 49A02-0606-PC-536 (Ind. Ct. App. Mar. 16, 2007) [DE 12-11 at 11-12]. Blanco did not file a traverse and has not otherwise presented any basis for finding that the state court decision was either an unreasonable application of clearly established Federal law or was an unreasonable determination of the facts in light of the evidence.

3

Though this case resembles *Sanders v. Cotton*, 398 F.3d 572 (7th Cir. 2005), the facts here are significantly different. In *Sanders*, the Seventh Circuit reversed the district court and granted the habeas corpus petition in a murder/voluntary manslaughter case where the State trial court also did not give a proper sudden heat instruction. In *Sanders*, the Seventh Circuit found that Sanders could have been provoked into a sudden rage when his girlfriend threw their son out of the window of a moving car during an argument between the two. The facts in this case are much different. Blanco merely tried to kiss his estranged wife and she refused. That is a far cry from witnessing a child being thrown from a car. The Court of Appeals of Indiana was not unreasonable in finding that refusing a kiss was not sufficient to obscure the reason of an ordinary person.

In addition, Blanco choked his estranged wife for several minutes, perhaps as long as fifteen, during which time he repositioned the ligature several times. The Court of Appeals of Indiana was not unreasonable in finding that this protracted homicidal attack was not done in sudden heat because there was adequate time for reflection on the consequences of such actions. Unlike *Sanders*, where there was evidence to support a claim of sudden heat, here there was none, or so the Court of Appeals of Indiana could reasonably have found. Because the Court of Appeals of Indiana was not unreasonable in determining that the facts of this case could not demonstrate sudden heat, habeas corpus relief will not be granted on the first ground.

Blanco's second claim of ineffectiveness focuses on the performance of his appellate counsel. He argues that:

> Counsel on appeal was ineffective for not following up on counsel's suggestion that the sequence of the instructions was problematic. Appellate counsel erred in not raising the erroneous murder, lesser included offense and

4

>   voluntary manslaughter instructions on direct appeal because the record contained sufficient argument to preserve the claim for appeal.

(Pet. ¶12.B. [DE 1 at 5].)  The opinion of the Court of Appeals of Indiana found that counsel was not deficient in omitting this issue on appeal because the caselaw in Indiana did not support such a claim and therefore the result would not have been different even if this issue had been raised. Here's what the Court of Appeals said:

>   Because Blanco's trial counsel did not object to the incorrect elements jury instruction for voluntary manslaughter, his appellate counsel could only have raised the jury instruction issue as one of fundamental error.  *Boesch*, 778 N.E.2d at 1279.  At the time of Blanco's appeal, our Supreme Court caselaw held that a voluntary manslaughter instruction that incorrectly includes the presence of sudden heat as an element to be proven by the State did not constitute fundamental error if the instruction also correctly stated that sudden heat is a mitigating factor that reduces murder to voluntary manslaughter.  *Boesch*, 778 N.E.2d at 1279-80; *Isom v. State*, 651 N.E.2d 1151, 1153 (Ind. 1995); *Bane v. State*, 587 N.E.2d 97, 100 (Ind. 1992).  In this case, although the voluntary manslaughter instruction given to the jury listed sudden heat as an element of voluntary manslaughter that the State must affirmatively prove, it also included language that stated, "[t]he existence of sudden heat is a mitigating factor that reduces what otherwise would be Murder to Voluntary Manslaughter." Appellant's App. at 155.  We therefore conclude that given the Supreme Court caselaw at the time of his direct appeal and the facts of this case, the performance of Blanco's appellate counsel was not deficient when he chose not to raise the jury instruction issue on direct appeal, and Blanco did not receive ineffective assistance of his appellate counsel.  The post-conviction court did not err in denying Blanco's petition.

*Blanco v. State*, No. 49A02-0606-PC-536 [DE 12-11 at 14].)  Blanco did not file a traverse and has not otherwise presented any basis for finding that his appellate counsel's performance was not objectively reasonable at the time.

Here, the ineffective assistance claim against his appellate counsel does not succeed on either prong of the *Strickland* test.  First, it was not unreasonable for the Court of Appeals of Indiana to have determined that appellate counsel was not ineffective for not raising a claim that

5

was not then supported by Indiana law.  Second, it was not unreasonable for the Court of Appeals of Indiana to have determined that Blanco was not prejudiced because the evidence was insufficient to support a claim of sudden heat even if it had been raised.  Because the Court of Appeals of Indiana was not unreasonable in its determinations, habeas corpus relief will not be granted on the second ground.

For the foregoing reasons, the habeas corpus petition [DE 1] is **DENIED**.

**SO ORDERED**.

ENTERED: May 15, 2008

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court